Loking, J.,
concurring:
In Padelford’s Case the Supreme Court decided that pardon was a substitute for evidence of loyalty, and had the same legal effect. As a consequence, those who have been specially pardoned, or have .taken the oath of amnesty under the proclamation of 1863 or 1865, may recover their cotton on proof of such pardon or oath.
The proclamation of 1868 extends pardon to all who in fact aided the rebellion; and it need not be pleaded. Any person, therefore, may, under that proclamation, recover his cotton on proof that he aided the rebellion. And the statute of June 25, 1868, makes residence in disloyal territory presumptive evidence of disloyalty; and, therefore, a resident of disloyal territory may recover on mere proof of his residence. But, in the nature of things, pardon and amnesty are confined to the disloyal; and, therefore, a loyal citizen, who has always resided in loyal territory, can recover only on affirmative evidence of loyalty in fact, covering the whole period of the rebellion.
In this case the petitioner claimed to have been always loyal in fact, but the evidence he adduced failed to prove it. But the evidence did prove that he resided in disloyal territory; and as by the statute of June 25,1868, this is presumptive *400 evidence of Ms disloyalty, that entitles Mm to a recovery, by bringing Mm within the proclamation of 1868. And for that reason I concur in the judgment rendered.